IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Marcie K., <br><br> *Plaintiff*, <br><br> v. <br><br> Frank J. Bisignano, <br> Commissioner of Social Security, <br><br> *Defendant*. | Case No. 3:24-cv-50199 <br><br> Honorable Michael F. Iasparro |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcie K. brings this action under 42 U.S.C. § 405(g) seeking reversal and a remand of the decision denying her applications for a period of disability and disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

Plaintiff filed an application for a period of disability and disability insurance benefits alleging a disability onset date of November 6, 2021. R. 195. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on October 30, 2023, finding that Plaintiff is not disabled. R. 21-32. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> Claimant can lift up to twenty pounds occasionally, ten pounds frequently, stand or walk up to six hours per eight-hour workday, and sit for at least six hours per eight-hour workday, with normal breaks. Claimant can never climb ladders, ropes, or scaffolds. Claimant can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl. Claimant can frequently reach, handle objects (gross manipulation), and finger (fine manipulations) bilaterally. Claimant must avoid concentrated exposure to extreme wetness or humidity. Claimant must avoid concentrated exposure to respiratory irritants, such as fumes, odors, dust, and gases. Claimant must avoid concentrated exposure to dangerous moving machinery and must avoid all exposure to unprotected heights. Claimant's work is limited to simple and routine tasks. Claimant cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. Claimant is limited to only occasional interaction with the public in the work setting.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 7.

1

R. 26 (citation modified). The ALJ found that Plaintiff is unable to perform past relevant work but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 30-32.

The Appeals Council denied Plaintiff's request for review on April 3, 2024, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 404.900(a)(5). Plaintiff then filed this action seeking judicial review. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff finds fault in the Commissioner's decision, claiming (1) the ALJ did not provide substantial evidence to support his RFC determination; and (2) Plaintiff and the vocational expert ("VE") did not affirm that their testimony was truthful. Dkt. 12. As explained in further detail below, the Court does not find that either of these alleged errors warrant remand.

1) RFC Determination

Plaintiff first argues that the ALJ's RFC determination is flawed because the ALJ failed to properly evaluate the opinion of the psychological consultative examiner and failed to fully incorporate Plaintiff's mental health limitations. Dkt. 12, at 4-8. Fatal to these arguments, Plaintiff makes almost no attempt to "grapple with the evidence" to satisfy her burden of "showing that the ALJ's determination was not supported by substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (citation modified). Nonetheless, the Court will address each of these alleged errors in turn.

When examining medical opinions, ALJs are required to articulate the persuasiveness of each opinion and explain their consideration of the two most important factors in that evaluation – supportability and consistency. 20 C.F.R. 404.1520c; *see also Cain v. Bisignano*, 148 F.4th 490, 496-97 (7th Cir. 2025). Plaintiff alleges that the ALJ erred by failing to complete this evaluation for the opinion provided by Dr. Wise, the psychological consultative examiner.[2] Dkt. 12, at 5. The Commissioner argues that the ALJ was not required to provide such an explanation as Dr. Wise did not provide a medical opinion. Dkt. 15, at 6.

A medical opinion is defined as "a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). The only functional limitations included in Dr. Wise's report – difficulty with standing, sitting, or walking for extended periods as well as "bad days where she emotionally cannot get out of bed" – are Plaintiff's subjective complaints rather than limitations Dr. Wise assessed.[3] R. 605; *see also Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) ("[M]edical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints."). Accordingly, Dr. Wise's evaluation is not properly categorized as a medical opinion and the ALJ was not required to "'evaluate the persuasiveness' of [Dr. Wise's report] for its 'supportability' and 'consistency.'" *Jones v. Dudek*, 134 F.4th 991, 994 (7th Cir. 2025) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). Instead, Dr. Wise's report is simply a piece of evidence that the ALJ was required to consider with "only the most minimal of articulation." *Morales*, 103 F.4th at 471 (quoting *Warnell*, 97 F.4th at 1053). The ALJ did exactly that as evidenced by his recognition of Plaintiff's history, Dr. Wise's observations, and the diagnoses described in the report. R. 25, 28 (citing R. 604-08). In any event, Plaintiff "does not explain how the RFC analysis should have been different" had the ALJ assessed Dr. Wise's evaluation as a medical opinion. *Cain*, 148 F.4th at 498.

Plaintiff goes on to argue that "the ALJ failed to fully include all of Plaintiff's mental health limitations in his RFC determination," specifically pointing to the state agency psychological consultant's opinion that Plaintiff "can communicate in the workplace as needed." Dkt. 12, at 6 (quoting R. 90). Plaintiff suggests that this opinion should have led the ALJ to include a limitation on Plaintiff's ability to interact with coworkers and supervisors, or an explanation of why such a limitation was not included. *Id.* However, it is unclear why Plaintiff believes that an opinion finding that she *can* communicate is evidence of her need for a social limitation. In fact, the state agency psychological consultants, the only doctors to provide a medical opinion related to Plaintiff's mental limitations, affirmatively found that Plaintiff *does not* have social interaction limitations. R. 79, 90. Nonetheless, the ALJ assessed greater restrictions by limiting Plaintiff in

---

[2] Plaintiff also asserts that "[t]he ALJ's failure to properly support his conclusion regarding the 'persuasiveness' of the state agency medical consultant's opinion deprived Plaintiff of a proper RFC determination and legally sufficient Step 3 & Step 5 evaluation." Dkt. 12, at 8. "But this argument is undeveloped and therefore waived." *Kibbons v. Peloso*, No. 25-1390, 2025 WL 3565846, at *5 n.3 (7th Cir. Dec. 12, 2025).

[3] Dr. Wise did note her agreement with Plaintiff's belief that she can handle her own finances but, as such a capability is not related to "the physical, mental, sensory and other requirements of work," this has no bearing on the RFC determination and does not alone warrant categorizing Dr. Wise's report as a medical opinion. 20 C.F.R. § 404.1545(a)(4).

3

her ability to interact with the public, "illustrating reasoned consideration given to the evidence." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019); *see also Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) ("A fundamental problem is she offered no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set."). In short, Plaintiff fails to direct the Court to any medical evidence that shows she is more limited than the ALJ found her to be. There was no error.

2) Testimony Under Oath

Next, Plaintiff alleges that the ALJ's opinion contains legal error because Plaintiff and the VE "never agreed under oath or affirmation to tell the truth." Dkt. 12, at 9-10. Plaintiff is correct that all witnesses at an administrative hearing "will testify under oath or affirmation" and that "[t]he transcriber must show each witness' testimony as commencing with an oath." 20 C.F.R. § 404.950(e); HALLEX I-4-2-15 (D)(1)(a). Plaintiff admits that the transcript affirms that Plaintiff and the VE were "first duly sworn" before testifying but persists in her argument that the ALJ failed to administer the oaths nonetheless.[4] Dkt. 12, at 9-10 (citing R. 42, 62).

Plaintiff has offered no support to overcome the representation in the transcript that both she and the VE were "first duly sworn" before testifying. Plaintiff does not provide the Court with any reason to doubt the accuracy of the transcript. Nor does Plaintiff respond to the Commissioner's argument that this challenge has been waived. *See Bradley v. Vill. of Univ. Park, Ill.*, 59 F.4th 887, 897 (7th Cir. 2023) ("An appellant may waive a non-jurisdictional issue or argument . . . by failing to respond in a reply brief to a new argument raised by appellee."). On numerous occasions, the Seventh Circuit has confirmed that "[a] claimant who fails to object at the hearing forfeits any challenge to the VE's testimony." *Fetting v. Kijakazi*, 62 F.4th 332, 338 (7th Cir. 2023). While this waiver appears to have only been applied to challenges of a VE's methodology in this circuit, the Court sees no reason why it should not extend to an argument based on an ALJ's failure to administer an oath or affirmation to a witness. *See, e.g., Donaghy v. Comm'r of Soc. Sec.*, No. 11-cv15581, 2012 WL 6808516, at *2 (E.D. Mich. Dec. 14, 2012), *R. & R. adopted*, No. 11-cv-15581, 2013 WL 85236 (E.D. Mich. Jan. 8, 2013). Finding this argument waived is particularly appropriate here as Plaintiff was represented by counsel at the hearing and thus presumably made her "strongest case for benefits." *Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023) (quoting *Ray v. Bowen*, 843 F.2d 998, 1006 (7th Cir. 1988)).

In any event, establishing such an error would be insufficient to satisfy Plaintiff's burden on appeal. Rather, Plaintiff "must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales*, 103 F.4th at 470. Plaintiff makes no attempt to illustrate how the outcome would be any different had Plaintiff and the VE been properly sworn in (assuming, arguendo, that they weren't). She simply argues that this alleged error would render the hearing testimony inadmissible but such "strict rules of evidence, applicable

---

[4] Alternatively, Plaintiff seems to suggest that even if the oaths were given, the transcriber's failure to include the content of those oaths conflicts with the requirement that "a complete record of the proceedings at the hearing [must be] made." 20 C.F.R. § 416.1565(k). However, this cited statute does not control disability hearings and, more importantly, Plaintiff has not shown "that a complete and accurate transcript would have changed the outcome of the case." *Ortiz-Salas v. Immigration and Naturalization Service*, 992 F.2d 105, 106 (7th Cir. 1993).

in the courtroom, are not to operate at social security hearings so as to bar the admission of evidence otherwise pertinent." *Richardson v. Perales*, 402 U.S. 389, 400 (1971). Most importantly, a remand would simply allow the ALJ to swear in Plaintiff and the VE, and, as Plaintiff has done nothing to suggest otherwise, "the [C]ourt can 'predict with great confidence'" that they would then provide substantially the same testimony, leading to the same result. *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021)). Thus, this alleged error (even assuming its existence, which was hardly established) was harmless, and Plaintiff cannot prevail on this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: January 14, 2026        By: _____
                                      Michael F. Iasparro
                                      United States Magistrate Judge